IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paula J. Babb fka Paula J Auman<br>Jeffrey P. Babb<br>　　　　Debtors | CHAPTER 13 |
| US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust<br>　　　　Movant<br>vs. | NO. 19-13877 PMM |
| Paula J. Babb fka Paula J Auman<br>Jeffrey P. Babb<br>　　　　Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

　　1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,156.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 2020 to December 2020 at $1,369.98/month<br>January 2021 to February 2021 at $1,360.33/month<br>March 2021 to May 2021 at $1,364.50/month |
| Suspense Balance: | $1,310.04 |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$9,156.08** |

　　2.　　The Debtor(s) shall cure said arrearages in the following manner;

　　　　a). Within seven (7) days of the filing of this Stipulation, the Debtor shall make a down payment in the amount of **$6,000.00**;

　　　　b). Beginning on June 16, 2021 and continuing through November 16, 2021 until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,364.50** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges being assessed after the 15ᵗʰ of the month), plus an installment payment of **$526.02 from June 2021 to October 2020 and $525.98 for November 2021** towards the arrearages on or before the last day of each month at the address below;

FAY SERVICING, LCC
P.O. BOX 814609
DALLAS, TX 75381-4609

    c). Maintenance of current monthly mortgage payments to the Movant thereafter.

    3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

    4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

    5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

    7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

    8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

    9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 26, 2021        By: /s/ *Rebecca A. Solarz, Esquire*
                   Attorney for Movant

Date: 5/26/2021

_____
Joseph L. Quinn, Esquire
Attorney for Debtor

Date: 6/9/21

_____
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this 10th day of June_____, 2021. However, the court retains discretion regarding entry of any further orde

_____
Bankruptcy Judge
Patricia M. Mayer